UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                                                                         NO. 3:22-CR-31-KHJ-FKB

TORRENCE DONELL MAYFIELD

ORDER

Before the Court is the United States' [33] Motion in Limine Regarding the Prohibited Use of Self-Serving Hearsay. The Court denies the motion but highlights Rule 106's limits. The Court also orders Mayfield to respond by January 16 with both (1) specific argument about the [49-1] recordings' relevance and admissibility; and (2) any specific Rule 106 evidence that Mayfield wishes to offer, along with argument about its admissibility. The United States must reply by January 19.

I.     Background

This criminal case is set for trial on January 29. The United States' motion in limine "request[ed] that the Court enter an order precluding the Defendant, and his counsel, from mentioning, eliciting, offering, or using Defendant's own statements as self-serving hearsay." [33] at 1. The motion stated that the United States would later file portions of recordings that it "believes are relevant and admissible," but it did not request that the Court rule on those issues. *See id.* at 2–4. A week and a half later, the United States filed those portions of recordings. *See* [49-1].

Mayfield's untimely response asked the Court to deny the motion "subject to contemporaneous objections made during the course of the trial." Resp. [51] at 3. The response did not specifically address the relevance or admissibility of the United States' recordings. *See id.* at 1–3. The United States' December 27 reply then requested, for the first time, "that the Court rule on the relevance and admissibility of the clips that have been submitted." Reply [52] at 4.

II.   Standard

In limine rulings have "developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984); *see also* Fed. R. Evid. 103 cmt. "The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *Luckett v. Allstate Indem. Co.*, No. 3:18-CV-275-KHJ-LGI, 2021 WL 2832954, at *1 (S.D. Miss. July 7, 2021) (quotation omitted).

"Evidence should not be excluded in limine unless it is clearly inadmissible on all potential grounds." *Id.* (quotation omitted). Courts disfavor blanket pretrial rulings. *Parker v. Tyson Foods, Inc.*, 499 F. Supp. 3d 297, 299 (S.D. Miss. 2020) (citing *Kelly v. Boeing Petroleum Servs.*, 61 F.3d 350, 357 (5th Cir. 1995)).

III.   Analysis

The Court (1) denies the motion in limine; (2) offers some guidance on the Rule 106 issue; (3) directs Mayfield to address the relevance and admissibility of the United States' recordings; and (4) orders Mayfield to respond with any specific Rule 106 evidence he wishes to offer and argument about its admissibility.

2

A. The Motion in Limine

The Court denies the motion in limine, which is an overbroad request for a blanket ruling. The United States seeks to preclude the defense from "mentioning, eliciting, offering, or using Defendant's own statements as self-serving hearsay." [33] at 1. That request conflicts with the amendment to Rule 106, which expressly allows for rule-of-completeness evidence "over a hearsay objection." Fed. R. Evid. 106. It also conflicts with Rule 803, which may allow Mayfield to introduce hearsay evidence under exceptions. The Court thus denies the motion.

B. The Scope of Rule 106

Even so, the Court provides some guidance on the scope of Rule 106. As amended, the Rule provides: "If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part—or any other statement—that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection." Fed. R. Evid. 106.

Rule 106 does not require the United States to play entire recordings. *See* [33] at 2–4. That is, Rule 106

> does not give a green light of admissibility to all excised portions of statements. It does not change the basic rule, which applies only to the narrow circumstances in which a party has created a misimpression about the statement, and the adverse party proffers a statement that in fact corrects the misimpression. The mere fact that a statement is probative and contradicts a statement offered by the opponent is not enough to justify completion under Rule 106.

Fed. R. Evid. 106 cmt. Put another way, "Rule 106 requires the introduction of a . . . recorded statement only when the omitted portion is 'necessary to qualify, explain,

3

or place into context the portion already introduced.'" *United States v. Herman*, 997 F.3d 251, 264 (5th Cir. 2021) (quoting *United States v. Branch*, 91 F.3d 699, 728 (5th Cir. 1996)). The Rule "does not permit a party to introduce . . . recorded statements to affirmatively advance their own, alternative theory of the case." *Id.* (quoting *Branch*, 91 F.3d at 731); *see also Branch*, 91 F.3d at 728 ("We do not doubt the exculpatory nature of the excluded statement, but that does not require its admission under Rule 106.").

To use Rule 106, parties "must identify the specific statements they wish to introduce and explain with particularity why each satisfies Rule 106." *United States v. Bryan*, No. 3:21-CR-17-DPJ-LGI, 2023 WL 8360073, at *1 (S.D. Miss. Dec. 1, 2023) (citing *Herman*, 997 F.3d at 263; *Branch*, 91 F.3d at 729–31).

C. Relevance and Admissibility of the United States' Recordings

The United States waited until its reply to "request[] that the Court rule on the relevance and admissibility of the clips that have been submitted." [52] at 4. The Court construes that request as a separate motion in limine.

Mayfield "submits that *any* analysis of the admissibility of evidence . . . must be evaluated in the context of the evidence presented during the actual trial." [51] at 2. But "[i]t is well-established that motions in limine may be used to secure a pretrial ruling that certain evidence is admissible." *United States v. Barefoot*, No. 3:22-CR-13-DPJ-LGI, 2023 WL 6319893, at *1 (S.D. Miss. Sept. 28, 2023). If circumstances change at trial, either party may "revisit[] the issue at trial, outside

4

the jury's presence." *United States v. Bryan*, No. 3:21-CR-17-DPJ-LGI, 2023 WL 8100552, at *1 (S.D. Miss. Nov. 21, 2023).

With trial approaching, the Court orders Mayfield to respond by January 16 as to the relevance and admissibility of each of the United States' [49-1] recordings. The Court orders the United States to reply by January 19.

D. Mayfield's Rule 106 Evidence and Argument

Mayfield's response should also "identify [any] specific statements [he] wish[es] to introduce and explain with particularity why each satisfies Rule 106." *Bryan*, 2023 WL 8360073, at *1 (citing *Herman*, 997 F.3d at 263; *Branch*, 91 F.3d at 729–31); *see also, e.g.*, *United States v. Fleming*, No. 3:19-CR-254-DPJ-FKB, 2022 WL 895920, at *2–3 (S.D. Miss. Mar. 25, 2022) (requiring defendant to submit any counter-designations under Rule 106 before trial to "streamline the proceedings"); *United States v. Hagen*, 485 F. Supp. 3d 737, 742–43 (N.D. Tex. 2020), *aff'd*, 60 F.4th 932 (5th Cir. 2023) (similar); *United States v. Cleveland*, No. 96-207, 1997 WL 253120, at *1–14 (E.D. La. May 14, 1997) (resolving Rule 106 issues related to United States' portions of recordings before trial).

Delaying the Rule 106 issue until trial "runs a significant risk of delaying the trial process through protracted argument about whether additional clips should be admitted." [52] at 4. Preliminarily resolving this issue will streamline the trial process and avoid the need for "extensive argument and revision" in the heat of trial. *Id.* It will avoid wasting jurors' time. And it will allow Mayfield to offer his

5

strongest Rule 106 arguments in an effort to carry his burden. Preliminarily resolving this issue is to both sides' benefit.

Again, either party may revisit the Court's preliminary rulings outside the jury's presence at trial. *Bryan*, 2023 WL 8100552, at *1. At that point, both parties and the Court will be familiar with Mayfield's Rule 106 evidence. That will allow the Court to resolve any objections more efficiently.

The Court orders Mayfield to respond by January 16 with any specific Rule 106 evidence he seeks to introduce. The response should also explain with particularity why any such evidence satisfies Rule 106. The Court orders the United States to reply by January 19.

IV. Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the stated reasons, the Court DENIES the United States' [33] Motion in Limine Regarding the Prohibited Use of Self-Serving Hearsay. The Court orders Mayfield to respond by January 16 with (1) specific argument about the relevance and admissibility of the United States' [49-1] recordings; and (2) any specific Rule 106 evidence that Mayfield wishes to offer and argument why it is admissible. The Court orders the United States to reply by January 19.

SO ORDERED, this 8th day of January, 2024.

s/ *Kristi H. Johnson*<br>UNITED STATES DISTRICT JUDGE