UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                                                                          NO. 3:22-CR-31-KHJ-FKB

TORRENCE DONELL MAYFIELD

ORDER

Before the Court is Defendant Torrence Donell Mayfield's [61] Motion to Dismiss Counts 1, 2, and 4 of the Indictment. The Court denies the motion.

I.     Background

18 U.S.C. § 922(d)(1) makes it unlawful "to sell or otherwise dispose of any firearm or ammunition to any person knowing or having reasonable cause to believe that such person . . . has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year."

The superseding indictment charges Mayfield with three counts of violating Section 922(d)(1). [34]. Mayfield moves to dismiss those counts, arguing that the statute is unconstitutional under *Bruen*. [61] at 1 (citing *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022)).[1]

---

[1] Mayfield raises facial and as-applied challenges. [61] at 1. But "he argues generally that the law is unconstitutional, without reference to his particular circumstances." *United States v. Self*, No. 4:23-CR-74, 2024 WL 55487, at *5 n.2 (N.D. Miss. Jan. 4, 2024); *see also, e.g.*, *United States v. Rios*, No. 20-CR-396, 2023 WL 3687369, at *1 n.1 (W.D. Tex. May 26, 2023). Both challenges thus fail for the reasons discussed below.

II.   Standard

*Bruen* set forth "the standard for applying the Second Amendment." 597 U.S. at 24. It "articulated two analytical steps." *United States v. Rahimi*, 61 F.4th 443, 453 (5th Cir. 2023), *cert. granted*, 143 S. Ct. 2688 (2023). "First, courts must determine whether 'the Second Amendment's plain text covers an individual's conduct.'" *Id.* (quoting *Bruen*, 597 U.S. at 17). "If so, then the 'Constitution presumptively protects that conduct,' and the Government 'must justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation.'" *Id.* (quoting same). "Only then may a court conclude that the individual's conduct falls outside the Second Amendment's unqualified command." *Id.* at 453–54 (quoting same).

III.   Analysis

The Second Amendment's plain text does not cover Mayfield's alleged conduct. And even if it did, the United States has established that Section 922(d)(1) is consistent with the Nation's historical tradition of firearm regulation. The Court thus denies Mayfield's motion to dismiss.

A.  Plain Text

Mayfield's motion fails at *Bruen*'s first analytical step. The Second Amendment's plain text ("keep and bear") does not cover Mayfield's alleged conduct ("sell or otherwise dispose"). *See* U.S. Const. amend. II; 18 U.S.C. § 922(d).

The Second Amendment's plain text provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear

Arms, shall not be infringed." U.S. Const. amend. II. Mayfield's argument turns on the meaning of "keep and bear Arms."[2]

*Heller* authoritatively interpreted the "meaning of the Second Amendment." *Dist. of Columbia v. Heller*, 554 U.S. 570, 576 (2008). "[T]he most natural reading of 'keep Arms' in the Second Amendment is to 'have weapons.'" *Id.* at 582. And "bear Arms" means to "carry[] for a particular purpose—confrontation." *Id.* at 584. The plain text thus guarantees an individual right to "possess and carry weapons in case of confrontation." *Id.* at 592; *see also Bruen*, 597 U.S. at 32.

That plain text does not include a right to "sell or otherwise dispose of any firearm or ammunition." 18 U.S.C. § 922(d). "[A] gun cannot be 'kept' or 'borne' by one person if it is in some manner surrendered to another." *United States v. Sims*, No. 22-CR-30081, 2023 WL 6795997, at *2 (C.D. Ill. Oct. 13, 2023). As Mayfield's own authority puts the point: "Nothing in the specific language of the Amendment suggests that sellers fall within the scope of its protection." *Teixeira v. Cnty. of Alameda*, 873 F.3d 670, 683 (9th Cir. 2017) (en banc) (cited at [61] at 4; Mayfield Reply [69] at 2). The Court agrees. Because the Second Amendment's plain text does not cover the right to *dis*possess oneself of arms, Mayfield's challenge fails.[3]

---

[2] The parties agree—and the Court assumes without deciding—that "Arms" includes ammunition and that Mayfield is among "the people." *See, e.g.*, [61] at 3; U.S. Resp. [65] at 2 n.1.

[3] *See also, e.g.*, *Teixeira*, 873 F.3d at 683 ("Nothing in the text of the Amendment, as interpreted authoritatively in *Heller*, suggests the Second Amendment confers an independent right to sell or trade weapons."); *United States v. Chafin*, 423 F. App'x 342, 344 (4th Cir. 2011) ("[The defendant] has not pointed this court to any authority, and we have found none, that remotely suggests that, at the time of its ratification, the Second Amendment was understood to protect an individual's right to *sell* a firearm."); *United States v. Porter*, No. 3:22-CR-55, 2023 WL 113739, at *3 (S.D. W. Va. Jan. 5, 2023)

3

The Court respectfully declines to follow *Connelly*, which concluded that another provision of Section 922(d) "burdens conduct protected by the Second Amendment." *See United States v. Connelly*, No. 22-CR-229, 2023 WL 2806324, at *13 (W.D. Tex. Apr. 6, 2023). *Connelly* involved a defendant charged with transferring a firearm to her husband, a drug user, in violation of Section 922(d)(3). *Id.* at *1. Notably, the district court did not conclude that "keep and bear" covered the defendant's own alleged conduct: transferring arms. *See id.* at *12–14 & n.19. Instead, it reasoned that the defendant had "standing to assert her husband's constitutional rights as a defense." *Id.* at *14. Put another way, *Connelly* concluded that Section 922(d) burdened "only" a third party's protected conduct, not the defendant's own conduct. *See id.* at *12–14 & n.19.[4]

The Court rejects Mayfield's reliance on *Connelly* for three reasons. First, Mayfield does not claim standing to assert a confidential informant's constitutional rights. Instead, Mayfield argues that his own "sale or transfer of firearms or ammunition to convicted felons . . . is protected by the Second Amendment which

---

("Defendant conflates the right to possess a firearm with the right to sell and transfer it."); *United States v. Tilotta*, No. 3:19-CR-4768, 2022 WL 3924282, at *5 (S.D. Cal. Aug. 30, 2022) ("'Have and carry' is not synonymous with 'sell or transfer.'"); Order [44] at 3–4, *United States v. Crisler*, No. 3:23-CR-30 (S.D. Miss. Aug. 18, 2023).

[4] The court expressed concern that, as charged, the statute "may also infringe upon Connelly's individual Second Amendment rights . . . to possess firearms in her home." *Connelly*, 2023 WL 2806324, at *14 n.19. Indeed, the defendant had argued that her "'provision' of a firearm to her husband was no more than her possession of the firearm in her home she shared with her husband." Def.'s Reply [74] at 4, *United States v. Connelly*, No. 22-CR-229 (W.D. Tex. Nov. 18, 2022); *see also* Def.'s Am. Mot. [65] at 10, *United States v. Connelly*, No. 22-CR-229 (W.D. Tex. Oct. 19, 2022) ("[T]he statute is penalizing Ms. Connelly for possessing firearms in the home she shared with her husband."). But the court assumed without deciding that "only Connelly's husband's Second Amendment right—and not her own—is implicated." *Connelly*, 2023 WL 2806324, at *14 n.19.

4

infringes upon Mayfield's Second Amendment rights." *See* [69] at 3 (arguing that "conduct in question" falls under "the Second Amendment's individual protection extended to Torrence Mayfield"). Second, it is unclear whether the confidential informant—who has multiple felony convictions—has any Second Amendment rights to assert.[5] And third, *Bruen*'s first analytical step turns on whether the plain text covers *Mayfield's* alleged conduct. *See Bruen*, 597 U.S. at 17, 24, 32, 34; *see also, e.g., Range v. Att'y Gen.*, 69 F.4th 96, 103 (3d Cir. 2023) (en banc) (assessing whether "[the challenger] and *his* proposed conduct are protected by the Second Amendment" (emphasis added)). The Court thus doubts that Mayfield could vicariously assert a third party's individual Second Amendment right.[6] For those reasons, the Court declines to follow *Connelly*.

Mayfield also relies on several inapposite cases arising under Section 922(n). *See* [61] at 4. He notes that some courts have concluded that the plain meaning of "keep" encompasses "receipt." *See United States v. Quiroz*, 629 F. Supp. 3d 511, 516 (W.D. Tex. 2022); *United States v. Simien*, 655 F. Supp. 3d 540, 551 (W.D. Tex. 2023); *United States v. Hicks*, 649 F. Supp. 3d 357, 359 (W.D. Tex. 2023). But that

---

[5] In dicta, *Rahimi* implied that a felony conviction "would have excluded" the defendant from "the people." 61 F.4th at 452; *see also* [61] at 3 (Mayfield suggesting that a "felony" conviction may "restrict[] [the] Constitutional right"). While the Fifth Circuit has not yet addressed a facial or as-applied challenge to Section 922(g)(1), other circuits "have split on as-applied challenges." *United States v. Fulwiler*, No. 23-30152, 2023 WL 7118748, at *1 (5th Cir. Oct. 27, 2023) (per curiam) (unpublished).

[6] Criminal defendants may vicariously assert some constitutional rights but not others. *Compare Rakas v. Illinois*, 439 U.S. 128, 133–34 (1978) ("Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted."), *with Eisenstadt v. Baird*, 405 U.S. 438, 452–55 (1972) (reversing conviction for distributing contraceptives because law banning distribution violated recipient's right to equal protection).

has little bearing on the question here. Unlike the defendants in those cases, Mayfield fails to address the meaning of the Second Amendment's plain text, let alone argue that it covers disposal. *See* [61]; [69]. As discussed, the plain text covers Mayfield's right to possess arms, not to give them away.

In short, "keep and bear" does not cover "sell or otherwise dispose of." *See* U.S. Const. amend. II; 18 U.S.C. § 922(d). Mayfield's motion to dismiss fails at *Bruen*'s first analytical step.

B. Historical Tradition

Even if the Second Amendment's plain text covered Mayfield's alleged conduct, his motion would fail at *Bruen*'s second analytical step. The United States has met its burden of demonstrating that Section 922(d)(1) is "consistent with this Nation's historical tradition of firearm regulation." *Bruen*, 597 U.S. at 17.

"To carry its burden, the Government must point to 'historical precedent from before, during, and even after the founding [that] evinces a comparable tradition of regulation.'" *Rahimi*, 61 F.4th at 454 (quoting *Bruen*, 597 U.S. at 27). The historical inquiry will "often involve reasoning by analogy," which requires courts to assess whether historical regulations are "relevantly similar." *Bruen*, 597 U.S. at 28–29 (quotation omitted). "The Government need not identify a 'historical *twin*'; rather, a 'well-established and representative historical *analogue*' suffices." *Rahimi*, 61 F.4th at 454 (quoting *Bruen*, 597 U.S. at 30).

*Heller* observes—and the parties' evidence supports—a longstanding historical tradition of imposing "conditions and qualifications on the commercial

6

sale of arms." *Heller*, 554 U.S. at 626–27 & n.26 (deeming those conditions and qualifications "presumptively lawful").[7] Mayfield's own authority notes that "colonial governments substantially controlled the firearms trade," including through "restrictions on the commercial sale of firearms." *Teixeira*, 873 F.3d at 685 (cited at [61] at 4; [69] at 2) (discussing those regulations). The United States points to additional historical evidence, including a 1652 New York law that "outlawed illegal trading of guns, gun powder, and lead by private individuals." [65] at 11 (quoting Robert J. Spitzer, *Gun Law History in the United States and Second Amendment Rights*, 80 Law & Contemp. Probs. 55, 76 (2017)). Mayfield's reply asserts, without elaboration, that "the government has *not* established a historical analog[ue] that is consistent with the Nation's historical tradition of firearm regulation." [69] at 3. Mayfield does not address any of the United States' (or his own) evidence to the contrary. *See id.* While the record contains no "historical *twin*," both parties' evidence supports a historical tradition embracing Section 922(d)(1). *See Rahimi*, 61 F.4th at 454 (quoting *Bruen*, 597 U.S. at 30).

Mayfield briefly argues that the United States must prove that Section 922(g)(1) falls within the Nation's historical tradition of firearm regulation, too. [61] at 5. The Court disagrees. Mayfield was not indicted under Section 922(g)(1), whose constitutionality is not before the Court. *See* [34]. Even if Mayfield could tie the constitutionality of Section 922(d)(1) to the constitutionality of Section 922(g)(1), the

---

[7] *See also McDonald v. City of Chi.*, 561 U.S. 742, 786 (2010) (plurality) (repeating that "assurance[]"); *Bruen*, 597 U.S. at 81 (Kavanaugh, J., joined by Roberts, C.J., concurring); *Hollis v. Lynch*, 827 F.3d 436, 448 (5th Cir. 2016) (noting that lower courts are "generally bound by Supreme Court dicta").

7

Court remains bound by Fifth Circuit precedent upholding the latter. *See, e.g.*, Order [29] at 2–9, *United States v. Hembree*, No. 3:22-CR-76 (S.D. Miss. Dec. 1, 2023); *United States v. Schnur*, No. 1:23-CR-65, 2023 WL 4881383, at *3 (S.D. Miss. July 31, 2023); *Self*, 2024 WL 55487, at *5; *see also In re Bonvillian Marine Serv., Inc.*, 19 F.4th 787, 789–90 (5th Cir. 2021) (overturning Fifth Circuit precedent given "Supreme Court decisions [that] have effected an intervening change," but noting that "[t]he district court was not free to overturn the rule" and "correctly found itself bound by the rule").

The United States has established that Section 922(d)(1) passes muster under *Bruen*'s second analytical step.[8] Mayfield's argument fails at both steps, so the Court denies the motion to dismiss.

IV.  Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the stated reasons, the Court DENIES Mayfield's [61] Motion to Dismiss Counts 1, 2, and 4 of the Indictment.

SO ORDERED, this 14th day of February, 2024.

s/ <i>Kristi H. Johnson</i><br>UNITED STATES DISTRICT JUDGE

---

[8] *See also, e.g.*, *Porter*, 2023 WL 113739, at *3 (concluding same as to Section 922(d)(1)); Order [44] at 4–5, *United States v. Crisler*, No. 3:23-CR-30 (S.D. Miss. Aug. 18, 2023) (same); *United States v. Deare*, No. 6:21-CR-212-1, 2023 WL 4732568, at *2 (W.D. La. July 24, 2023) ("Despite having concluded that the Second Amendment is not implicated, the Court further agrees with the Government that there is 'historical tradition' of regulating firearm sales."); *United States v. James*, No. 19-CR-79, 2023 WL 3996075, at *11 (D.V.I. June 14, 2023) (concluding that "founding-era and reconstruction-era statutes illustrate that at the time the people adopted the Second Amendment, and when it was incorporated to the states, the public understood that the government could restrict the transfer of firearms").